UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEREK TANKSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00582-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner Derek Tanksley was convicted of possession of methamphetamine and adjudicated a habitual offender in an Indiana state court. Mr. Tanksley now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raised five claims in his petition. The respondent argues that the claims fail because they are procedurally defaulted, they assert non-cognizable state-law claims, or they were reasonably rejected by the state court. The Court finds that the Indiana Court of Appeals reasonably applied federal law when it determined that Mr. Tanksley's conviction rested on sufficient evidence, that his Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and that his other claims are either procedurally defaulted or non-cognizable. Mr. Tanksley's petition for a writ of habeas corpus, and motion for summary judgment, dkt. [16], are therefore **denied**. And for the reasons set forth in Section IV of this order, a certificate of appealability will not issue.

**I.
Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C.

§ 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> In January 2019, Glenda Mousty informed Officer James Moore of the Salem Police Department that Steven Brown intended, on January 25, 2019, to transport narcotics from Indianapolis "[to] bring back to [sell in] Salem[.]" . . . On January 25, 2019, Officer Moore and Officer Chad Webb, who was on duty with his K-9 partner, . . . were parked in their respective squad cars and conversing in a parking lot. As the officers spoke, Officer Moore observed a white Chrysler Sebring convertible that matched the description provided by Mousty "on Jackson Street traveling west[.]" . . . The officers then initiated a traffic stop at the intersection of Fair Street and Old State Road 60. Brown and four passengers, including Tanksley, were in the vehicle. Tanksley was seated in the front passenger seat. . . . Officer Webb observed that all of the occupants of the vehicle fidgeted and moved around excessively. Officer Webb relayed his observations to Officer Moore. Officer Moore approached the vehicle and, concerned by the occupants' excessive movements and Mousty's tip regarding a potential weapon in the vehicle, "pulled everyone out of the vehicle." . . . Contemporaneously, based on his observations of the car occupants' conduct, Officer Webb decided to conduct an open air sniff with his canine partner. The canine officer alerted at the trunk of the vehicle. . . .Officer Moore initiated a search of the vehicle based on the canine officer's alert. The search yielded: (1) a blue and black bag under the driver's seat that contained two glass pipes with white residue, a wooden pipe, and a small digital scale; (2) a pack of cigarettes by the speedometer with a clear baggie containing 0.03 grams of methamphetamine tucked into the outer cellophane sleeve; (3) a syringe tucked under the back seat; and (4) two syringes tucked between the back seat and the back seat head rest." Subsequently, a search at the jail yielded a distinctive digital scale, bearing the name of rap musician Snoop Dogg, on Tanksley's person. Also, pursuant to a search warrant, Captain Webb obtained access to Tanksley's Facebook account, including Tanksley's Facebook communications with the various occupants of the vehicle in the twenty-four to thirty-six-hour period before Tanksley's arrest. On January 28, 2019, the State charged Tanksley with possession of methamphetamine, a Level 6 felony; the State also alleged that Tanksley was an habitual offender. On March 20, 2019, and March 22, 2019, respectively, the State charged Tanksley with possession of a syringe, a Level 6 felony, and possession of paraphernalia, a Class C misdemeanor.

*Tanksley v. State*, 2020 WL 1870172, *1-2 (Ind. Ct. App. Apr. 15, 2020); dkt. 7-5 at 2-6.

At Mr. Tanksley's initial hearing on January 28, 2019, he requested that his case be set for a "fast and speedy" trial. Dkt. 8-2 at 8. His jury trial was held less than seven months later on August 14, 2019. Dkt. 7-1 at 15. He was convicted, and the trial court sentenced him to an

aggregate term of six years in prison. *Id*. at 17-18. His conviction and sentence were upheld on appeal, and the Indiana Supreme Court denied his petition to transfer. Dkt. 7-5; dkt. 7-2 at 5. Mr. Tanksley did not file a petition for post-conviction relief in state court. Instead, he filed the instant petition for a writ of habeas corpus on October 30, 2020. Dkt. 1.[1]

## II.
## Applicable Law

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

---

[1] In his reply, Mr. Tanksley reports that he is now seeking post-conviction relief in state court for the same claims raised in this petition. Dkt. 11 at 1. He has not requested a stay of this action, nor permission to amend his petition to include any new claims raised in his state petition for post-conviction relief. In any event, a stay would be inappropriate in this case because Mr. Tanksley's petition does not raise any unexhausted claims that could be exhausted in state post-conviction proceedings. *See Yeoman v. Pollard*, 875 F.3d 832 (7th Cir. 2017).

3

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Or a claim may be procedurally defaulted if the most recent reasoned state court decision to address the claim rejects it based on "'a state law ground that is both independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)).

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

Finally, a petitioner asserting a claim based on the Fourth Amendment must show, in addition to a constitutional violation, that the state court did not provide "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone,* 428 U.S. at 494. So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013).

## III.
## Discussion

Mr. Tanksley's petition raises five claims: 1) denial of the right to cross-examine a witness; 2) speedy trial held beyond the 70 days required by state law; 3) a warrant for information from Facebook was issued after the omnibus date; 4) lack of probable cause to stop the vehicle; and 5) sufficiency of the evidence.

### A. Non-cognizable State Law Claims

"Errors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted)). Here, Mr. Tanksley's claim that his right to a speedy trial was violated and his claim that the State's issuance of a warrant was untimely under the omnibus case management date allege errors of state law.

Mr. Tanksley's speedy trial claim relies on Indiana Criminal Rule 4(B) which sets forth a 70-day deadline to try a defendant who has moved for an early trial. This state-created right is distinct from the federal constitutional guarantee of a speedy trial. *Austin v. State*, 997 N.E.2d 1027, 1037 n.7 (Ind. 2013) ("And though Rule 4(B)'s intent is to effectuate the rights guaranteed by the Sixth Amendment to the U.S. Constitution and Article 1, Section 12 of the Indiana Constitution, we emphasize that reviewing Rule 4(B) challenges is separate and distinct from reviewing claimed violations of those constitutional provisions."). Mr. Tanksley's petition does not allege that his right to a speedy trial under the Sixth Amendment to the United States Constitution was violated. And to the extent his speedy trial claim could be interpreted as raising a federal claim, it is procedurally defaulted because Mr. Tanksley did not raise it before the Indiana Court of Appeals. *Harley v. State*, 952 N.E.2d 301, 303 (Ind. Ct. App. 2011) ("If an issue was available on direct appeal but not litigated, it is waived."); *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (if it is too late to bring the claim in state court, the claim is defaulted).

Mr. Tanksley next alleges that evidence obtained from certain warrants that were sought and issued after the omnibus date should be excluded. This claim is based on Indiana's statutory requirement that the court set an omnibus date at an initial hearing for the purpose of establishing case deadlines. *See* Ind. Code § 35-36-8-1.

Neither the speedy trial claim or the untimely warrant claim are based on or implicate federal rights so they do not entitle Mr. Tanksley to federal habeas relief. *Samuel*, 525 F.3d at 574.

### B. Procedurally Defaulted Claim

Mr. Tanksley claims that he was denied the right to cross-examine a witness. This claim is procedurally defaulted because Mr. Tinsley did not fairly present it to either the Indiana Court of Appeals or the Indiana Supreme Court on direct appeal. *Harley*, 952 N.E.2d at 303; *Guest*, 474 F.3d at 930.

In his reply, Mr. Tanksley argues that he is entitled to relief because he is actually innocent. Dkt. 11 at 5. A petitioner can overcome procedural default if he can "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent' such that 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence.'" *Thomas v. Williams*, 822 F.3d 378, 386-87 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The petitioner must, however, present "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* at 387 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

Mr. Tanksley's actual innocence argument is a restatement of his insufficient evidence claim, which was reasonably rejected by the Indiana Court of Appeals, as discussed below. He has not presented new evidence of innocence, so he is not excused from procedural default on this basis. *Id.*

### C. Probable Cause Claim

Mr. Tanksley alleges that his initial seizure and subsequent arrest violated the Fourth Amendment because the arresting officers relied on stale hearsay from a non-credible source. Dkt. 1 at 10.

This Court must determine whether the state courts provided Mr. Tanksley "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone*, 428 U.S. at 494. Mr. Tanksley raised this claim in a motion to suppress in the trial court. Dkt. 8-7 at 70-71; dkt. 9-1 at 15-16; dkt. 8-2 at 90-113; dkt. 7-1 at 14. There is no indication that the trial court conducted a sham hearing or reached an intellectually dishonest result. Furthermore, Mr. Tanksley did not raise this issue in his direct appeal and thus, he may not do so on habeas review. Dkt. 7-3; *Harley*, 952 N.E.2d at 303; *Guest*, 474 F.3d at 930. Accordingly, Mr. Tanksley's Fourth Amendment claim is denied. *See Stone*, 428 U.S. at 494.

### D. Sufficiency of the Evidence Claim

Mr. Tanksley's final claim is that the evidence was insufficient to support his conviction. Dkt. 1 at 16. Evidence is constitutionally sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original). "[H]abeas reviews of *Jackson* claims are subject to two levels of judicial deference creating a high bar: first, the state appellate court determines whether any rational trier of fact could have found the evidence sufficient; second, a federal court may only overturn the appellate court's finding of sufficient evidence if it was objectively unreasonable." *Saxon v. Lashbrook*, 873 F.3d 982, 987–88 (7th Cir. 2017). "Federal review of these claims . . . turns on whether the state court provided fair process and engaged in reasoned, good-faith

decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999).

In addressing this challenge to the sufficiency of the evidence, the Indiana Court of Appeals correctly articulated the *Jackson* standard:

> When there is a challenge to the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility. Instead, we consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom. We will affirm the judgment if it is supported by substantial evidence of probative value even if there is some conflict in that evidence. Further, we will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Tanksley*, 146 N.E.3d 351, 2020 WL 1870172, at *5 (Ind. Ct. App. 2020). It then reviewed the evidence against Mr. Tanksley—including that the contraband was found in plain view in close physical proximity to Mr. Tanksley and that Mr. Tanksley's Facebook communications in the day or two before the stop pertained to the sale and possession of methamphetamine—and concluded that a reasonable jury could have convicted him of constructive possession of methamphetamine and paraphernalia. *Id*. at *5-6. The Indiana Court of Appeals' analysis of this issue was reasonable, and Mr. Tanksley is not entitled to relief. *Wilson*, 138 S. Ct. at 1191-92.

### IV.  Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Indiana Court of Appeals reasonably applied federal law when it denied Mr. Tanksley's sufficiency of the evidence claim, and his other claims are either non-cognizable, procedurally defaulted, or barred by *Stone*. Jurists of reason would not disagree with this Court's resolution of Mr. Tanksley's claims and nothing about any of the claims deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

## V.
## Conclusion

Mr. Tanksley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and his motion for summary judgment, dkt. [16], are **DENIED**. A certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 2/1/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

9

Distribution:

DEREK TANKSLEY
242410
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P. O. Box 470
Edinburgh, IN 46124

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov