UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEREK TANKSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00582-JPH-MG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING POST-JUDGMENT MOTIONS**

Presently pending before the Court are five post-judgment motions filed by petitioner Derek Tanksley.

Mr. Tanksley has filed two motions to reconsider. Both were filed less than 28 days after final judgment was entered and are therefore treated as motions to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.

---

[1] Although Mr. Tanksley's second motion to reconsider was docketed on March 2, 2022, he signed the motion on February 14, 2022. Dkt. 26 at 7. *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015) (Under the prison mailbox rule, pleading is treated as being filed when it is handed over to prison staff for mailing).

2000). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Tanksley's motions argue that his attorney on direct appeal failed to raise several claims on appeal and that this failure should excuse the procedural default of those claims pursuant to *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Dkt. 25 at 3. But *Martinez* stands only for the proposition that ineffective assistance of *post-conviction* counsel on initial review is cause to overcome procedural default of ineffective assistance of trial counsel claims. *Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017). Mr. Tanksley is not arguing that his post-conviction counsel was ineffective. He argues that his direct appeal counsel was ineffective. And because ineffective assistance of direct appeal counsel is itself a constitutional claim, it must be exhausted in state court before it can be used to overcome procedural default of another claim in federal court. *Id*. at 451-52 (quoting *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986)); *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). Mr. Tanksley did not pursue post-conviction relief in state court before bringing his federal habeas petition, so he did not exhaust any claim related to the alleged ineffectiveness of his direct appeal counsel. Thus, such a claim cannot assist him in overcoming the procedural default of his right-to-cross-examine-witnesses claim.

Mr. Tanksley attached state court filings to his motion which indicate that he is now pursuing post-conviction relief in Indiana. Dkt. 25-1. He argues that requiring him to exhaust his claim in state court is futile because Indiana courts will not allow him to raise a claim that was available on direct appeal. Dkt. 25 at 6. But he can raise a claim that his direct appeal counsel was ineffective for failing to raise his underlying claim. *Williams v. State*, 724 N.E.2d 1070, 1078 (Ind. 2000) (analyzing ineffective assistance of appellate counsel claim in post-conviction relief proceedings). He also argues that Indiana will reject his claim of ineffective assistance of counsel

on the merits. Dkt. 26 at 7. But "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993), *as amended on denial of reh'g* (Apr. 28, 1993). Because state procedures are available to Mr. Tanksley, he has not shown that exhaustion is futile.

There was no manifest error of law or fact in this case. The Court did not misapply the law denying Mr. Tanksley's petition. Therefore, his motions to reconsider, dkt. [25] and dkt. [26], treated as motions to alter or amend judgment, are **denied**.

Mr. Tanksley requests that the Court stay these proceedings so he can complete post-conviction relief proceedings in state court. Although Mr. Tanksley noted in his petition that his direct appeal counsel failed to exhaust his right-to-cross-examine-witnesses claim, he did not raise ineffective assistance of direct appeal counsel as a ground for relief in his petition. The Court has already ruled on the claims raised in his petition and this case is closed. There are no proceedings to stay. Thus, his motion, dkt. [29], is **denied**.

Mr. Tanksley's motion for counsel, dkt. [28], is also **denied**. As final judgment has been entered and this case is closed, there is no further action to be taken in this Court. Should Mr. Tanksley file a notice of appeal, he may seek the appointment of counsel in the Seventh Circuit Court of Appeals. Similarly, should Mr. Tanksley exhaust claims in state post-conviction proceedings and wish to raise them in federal court, he may seek leave to file a successive habeas petition from the Seventh Circuit Court of Appeals.

The Court already denied Mr. Tanksley a certificate of appealability in the Court's Order dated February 2, 2022, denying his petition for a writ of habeas corpus. For that reason, and for the reasons set forth in that Order, his motion for a certificate of appealability [dkt. 24] is **denied**.

**SO ORDERED.**

Date: 3/7/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK TANKSLEY
242410
EDINBURGH - CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov